**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) |
|     MOITOSO, Mario A. | ) Chapter 13 |
|     xxx-xx-6215 | ) Case No. 18-13346-MSH |
|               Debtor(s) | ) |

**ORDER CONFIRMING CHAPTER 13 PLAN**

The Debtor(s) filed an Amended Chapter 13 Plan on February 8, 2019 (the "Plan"). The Debtor(s) filed a Certificate of Service on February 8, 2019 reflecting that the Plan was served on all creditors and parties in interest. No objections to the confirmation of the Plan were filed, or all objections were overruled by the Court or resolved by the parties. Upon consideration of the foregoing, the Court hereby orders the following:

1. The Plan is confirmed. The term of the Plan is 60 months.

2. The Plan payments are:

    $343.50 per month for 4 months

    $496.00 per month for 56 months

3. Payments shall be made electronically through TFS/ePay, by Money Order, or Bank Treasurer's check (personal checks will not be accepted) and made payable to and forwarded to Carolyn A. Bankowski, Chapter 13 Trustee, PO Box 1131, Memphis, TN 38101-1131.

4. The effective date of confirmation of the Plan is October 1, 2018. The disbursements to be made by the Chapter 13 Trustee pursuant to the confirmed Plan are set forth on the attached Summary of Disbursements To Be Made Under the Plan (the "Summary") which is incorporated by reference. Interested parties should consult the Plan for treatment of their particular claims and other significant provisions of the Plan.

5. Unless the Court orders otherwise, all property of the estate as defined in 11 U.S.C. §§ 541 and 1306, including, but not limited to, any appreciation in the value of real property owned by the Debtor(s) as of the commencement of the case, shall remain property of the estate during the term of

the plan and shall vest in the Debtor(s) as set forth in section 9 of the Summary. All property of the estate shall remain within the exclusive jurisdiction of this Court. The Debtor(s) shall not transfer, sell, or otherwise alienate property of the estate other than in accordance with the confirmed Plan or other order of the Court. The Debtor(s) shall be responsible for preserving and protecting property of the estate.

6.  The Debtor(s) shall promptly inform the Trustee of any material increase in income and/or any acquisition of assets during the case. The Trustee shall file a motion to modify the Plan pursuant to 11 U.S.C. § 1329 if the Trustee determines that any change in income or assets may be available to increase the dividend to creditors. The foregoing provision is in addition to any obligation of the Debtor(s) to file amended schedules in the event of any such increase.

By the Court,

Dated: June 4, 2019

_____
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

_____
                                      )
In re:                                  )
        MOITOSO, Mario A.        )        Chapter 13
        xxx-xx-6215                )        Case No. 18-13346-MSH
                Debtor(s)        )
_____)

**SUMMARY OF DISBURSEMENTS TO BE MADE UNDER THE PLAN**

    1.    **Unmodified Secured Claims**

a) Home Point is retaining its lien on 11 Whitehill St., Taunton, MA. The Debtor(s) shall continue to make regular monthly payments in accordance with the contract with Home Point. Home Point will be paid its pre-petition arrearage in the sum of $18,618.87 over 60 months in the sum of $310.32 per month.

b) Carrington Mortgage Services is retaining its lien on 643 Thatcher St., Attleboro, MA. The Debtor(s) shall continue to make regular monthly payments in accordance with the contract with Carrington Mortgage Services. Carrington Mortgage Services will be paid its pre-petition arrearage in the sum of $4.45.

c) AmeriCredit/GM Financial is retaining its lien on the 2017 Chevy Silverado. The Debtor(s) shall continue to make regular monthly payments in accordance with the contract with AmeriCredit/GM Financial.

d) Ditech is retaining its lien on 643 Thatcher St., Attleboro, MA. The Debtor(s) shall continue to make regular monthly payments in accordance with the contract with Ditech.

_____

    2.    **Modified Secured Claims**

NONE

_____

    3.    **Liens Avoided under 11 U.S.C. § 522(f)**
NONE

_____

**4.     Surrender of Collateral**

NONE

_____

**5.     Priority Claims**

NONE

_____

**6.     Administrative Expenses**

Richard Smeloff, Esq.                    Legal Fees                    $2,000.00

_____

**7.     Unsecured Claims**

The holders of unsecured claims totaling $5,591.58 shall receive a dividend of no less than 100%.

_____

**8.     Executory Contracts**

NONE

_____

**9.     Vesting of Property of the Estate**

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon the entry of the discharge. If the debtor(s) does not receive a discharge, property of the estate will vest in the Debtor(s) upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) the dismissal of the case.

_____

**10.    Nonstandard Provisions**

NONE